**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MARSH & MCLENNAN AGENCY, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>JOHN CARTER, MARIA NOLT, and MEREDITH PARKER BUCHANAN,<br><br>Defendants. | X<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X | 1:26-CV-5002 (AS)<br><br><u>PROTECTIVE ORDER</u> |

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material or "Highly Confidential – Attorneys' Eyes Only" Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential documents, communications, testimony, tangible things, or other materials (regardless of how they are generated, stored, or maintained) which the person reasonably believes contains non-public, confidential, or proprietary information that requires the protections provided in this Order (the "Confidential Discovery Material"). Confidential Discovery Material may include, but is not limited to, the following:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as "Highly Confidential – Attorneys' Eyes Only" documents, communications, testimony, tangible things, or other materials (regardless of how they are generated, stored, or maintained) that the producing person reasonably and in good faith believes contain (a) the identities of, or non-public information concerning, the producing person's clients or customers, including client lists, account information, pricing, commissions, fees, renewal dates, and revenue; (b) trade secrets; (c) non-

public financial information, including financial valuations; (d) non-public business, strategic, or marketing plans; or (e) other commercially sensitive information, the disclosure of which to another party, or to any person employed by or affiliated with a competitor of the producing person, would create a substantial risk of financial, competitive, or commercial disadvantage or other harm (the "Highly Confidential – Attorneys' Eyes Only Discovery Material"). Where appropriate, this designation may also include information obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA") or other contractual provision, unless the non-party permits a different designation in writing.

4. With respect to the Confidential portion of any Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by: (a) affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to the document containing any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material; and (b) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to the media containing the Discovery Material (*e.g.*, CD-ROM, flash drive, DVD).

5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion Confidential or Highly Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of both questions and answer) in a separate volume and mark it as "Confidential Information Governed by

Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the conclusion of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Highly Confidential – Attorneys' Eyes Only. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

6. With respect to any other Discovery Material, a producing person or that person's counsel may designate Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material by written notice to the non-producing person or that person's counsel that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material.

7. If at any time prior to the trial of this action, a producing person realizes that Discovery Material previously produced by the producing person without limitation should be designated Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material, then the producing person may so designate by so apprising all prior recipients in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material under the terms of this Order.

8. Where a producing person has designated Discovery Material Confidential, other persons subject to this Order may only disclose such Discovery Material or information contained therein to:

(a) the Parties to this action and the employees of the Parties to this action who are assisting with or making decisions concerning this action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the action for use in accordance with this Order, the Parties' insurers, and counsel to the Parties' insurers;

(b) outside counsel retained specifically for this action, in-house counsel of the Parties, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees of such counsel who are assisting with the action for use in accordance with this Order;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system for use in accordance with this Order, provided that such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(d) any mediator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(f) any witness or deponent who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, and only to the extent necessary to conduct or prepare for depositions or testimony in this action;

(g) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts (including outside copying services and outside support services) who are assisting with the action provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action;

(i) the Court and its support personnel; and

(j) any other person, for use in accordance with this Order, only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the producing party who provided the Discovery Material being disclosed, provided that such person has first executed a Non-Disclosure Agreement in the form attached hereto.

9. Where a producing person has designated Discovery Material Highly Confidential – Attorneys' Eyes Only, other persons subject to this Order may only disclose such Discovery Material or information contained therein to:

(a) outside counsel retained specifically for this action, in-house counsel of the Parties who are actively assisting with this action, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees of such counsel who are assisting with the action for use in accordance with this Order;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system for use in accordance with this Order, provided that such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(c) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel for the Parties in connection with this action, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such person who are assisting with the action provided such person (i) is not a current or anticipated owner, officer, employee, or consultant of a party or of any competitor of the producing person, and (ii) has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(e) any witness or deponent who is a current officer, director, or employee of the producing person and who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, and only to the extent necessary to conduct or prepare for depositions or testimony in this action;

(f) stenographers engaged to transcribe depositions conducted in this action;

(g) the Court and its support personnel; and

(h) any other person, for use in accordance with this Order, only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the producing party who provided the Discovery Material being disclosed, provided that such person has first executed a Non-Disclosure Agreement in the form attached hereto.

10. Before disclosing any Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material to any person referenced in subparagraphs 8(c-g), 8(j), 9(b-e), and 9(h) above, counsel shall provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person has read the Order and agrees to be bound by it. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

12. Any party who either objects to any designation of confidentiality or who, by contrast, requests still further limits on disclosure may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's

Individual Practices in Civil Cases. While any such dispute is pending, the Discovery Material or testimony in question shall continue to be treated as designated pursuant to this Order.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential – Attorneys' Eyes Only. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential or Highly Confidential – Attorneys' Eyes Only Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

14. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five (5) business days of receiving the request, the producing Party subject to such obligation shall inform the third party of the request and, further, that the third party may seek a protective order or other relief from this Court. If neither the third party nor the producing Party seeks a protective order or other relief from this Court within 21 days of that notice, the producing Party shall produce the information responsive to the discovery request but may affix the appropriate confidentiality designation.

15. Recipients of Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any business, commercial, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Order, however, will affect or restrict the rights of any person with respect to its own

documents or information produced in this action. Nor does anything in this Order limit or restrict the rights of any person to use or disclose information or material obtained independently from, and not through or pursuant to, the Federal Rules of Civil Procedure. Nothing in this Order authorizes any person to retain, use, or disclose any information or material belonging to another party that such person obtained other than through discovery in this action, or limits or modifies any obligation owed under any agreement between or among the parties. Neither the designation nor the non-designation of any Discovery Material under this Order shall be construed as an admission or determination that such material does or does not constitute confidential, proprietary, or trade secret information of any party.

16. Nothing herein will prevent any person subject to this Order from producing any Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any governmental agency having jurisdiction; provided, however, that such person receiving such a request or process shall provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) business days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

17. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently

Disclosed Information”), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

19. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

20. Within five business days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21. The receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court’s Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

22. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

23. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as “Confidential” or “Highly Confidential – Attorneys’ Eyes Only,” and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Within the same 30-day period, each party, and each person to whom such Discovery Material was disclosed under

this Order, shall certify in writing to the producing person that all such material, including all copies, has been returned or destroyed. Notwithstanding the foregoing, outside counsel of record may retain one archival copy of pleadings, motion papers, transcripts, expert reports, correspondence, and attorney work product, which shall remain subject to this Order.

24. The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

25. The Parties agree that the production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Order.

26. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

/s/ Shawn Matthew Clark

Dated: October 21, 2026

/s/ S. Preston Ricardo

Dated: October 21, 2026

**SO ORDERED.**

ARUN SUBRAMANIAN, U.S.D.J.

Dated: New York, New York

October 22, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MARSH & MCLENNAN AGENCY, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>JOHN CARTER, MARIA NOLT, and MEREDITH PARKER BUCHANAN,<br><br>Defendants. | X<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X | 1:26-CV-5002 (AS)<br><br>**NON-DISCLOSURE AGREEMENT** |

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:__________________ ____________________________